**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CERENCE OPERATING COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AMAZON.COM, INC., )<br>AMAZON SERVICES LLC, & )<br>AMAZON WEB SERVICES, INC., )<br>)<br>Defendants. )<br>) | No. 2:26-cv-00372-JRG-RSP<br>(Lead Case)<br><br>No. 2:26-cv-00373-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' UNOPPOSED MOTION TO DECONSOLIDATE AND STAY**

Pursuant to 28 U.S.C. § 1659 and Fed. R. Civ. P. 42(a), Defendants Amazon.com, Inc., Amazon Services LLC, and Amazon Web Services, Inc. (collectively, "Amazon"), by their under-signed counsel, respectfully move to deconsolidate the above-referenced actions and to stay Case No. 2:26-cv-372-JRG-RSP ("Lead Case") as to all Defendants, pending the final determination in related proceedings pending before the United States International Trade Commission ("ITC") involving Plaintiff Cerence Operating Company ("Cerence") and certain Amazon defendants.

On May 5, 2026, Cerence filed a complaint in the ITC alleging violations of 19 U.S.C. § 1337. (Ex. A ("ITC Complaint").) The ITC Complaint alleges that Amazon.com, Inc. and Am-azon.com Services LLC infringe U.S. Patent Nos. 8,306,815 ("the 815 patent"), 9,203,972 ("the 972 patent"), 8,320,575 ("the 575 patent"), 11,929,073 ("the 073 patent"), and 8,355,484 ("the 484 patent) (collectively, the "Asserted Patents"). (*Id.* ¶ 3.) The ITC proceeding involves the same Asserted Patents in the Lead Case. (Dkt. No. 1 ¶ 1; Ex. A ¶ 3.) The Notice of Institution of the ITC proceeding issued on June 5, 2026, and published in the Federal Register on June 10, 2026. (Ex. B ("Notice of Institution").)

On June 22, 2026, the Court issued an Order consolidating the Lead Case with Case No. 2:26-cv-00373 ("Member Case") for all pretrial issues. (Dkt. 20 at 1.) Amazon now moves to deconsolidate the Lead and Member Cases and to stay the Lead Case as to all Defendants pending the Final Determination in the related ITC proceeding.

Federal Rule of Civil Procedure, Rule 42(a) provides the Court with discretion to consolidate or deconsolidate causes of actions that may "involve a common question of law or fact." *Hillman Grp., Inc. v. Keyme, LLC*, 2020 WL 6938441, at \*2 (E.D. Tex. Oct. 23, 2020) (citing *Dupont v. S. Pac. Co.*, 366 F.2d 193, 195–96 (5th Cir. 1966)); *see also* Fed. R. Civ. P. 42(a). "Courts are urged to make good use of Rule 42(a) to expedite the trial and eliminate unnecessary repetition and confusion." *Id.* (quoting *Dupont*, 366 F.2d at 195) (cleaned up).

Section 1659(a) provides, in part:

> **Stay**.— In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within—
>
> **(1)** 30 days after the party is named as a respondent in the proceeding before the Commission, or
> **(2)** 30 days after the district court action is filed, whichever is later.

28 U.S.C. § 1659(a).

Pursuant to § 1659(a), Amazon is entitled to and hereby requests a stay of the Lead Case, which involves the same patents and issues involved in the ITC proceeding. The ITC proceeding and the Lead Case involve overlapping parties; namely, Cerence, Amazon.com, Inc. and Amazon.com Services LLC. (Ex. A.) And, this Motion is timely because it is filed within 30 days of the Notice of Institution, which was dated June 5, 2026. (Ex. B.)

To facilitate the stay of the Lead Case, Amazon also respectfully requests that the Court deconsolidate the Lead and Member Cases.

In requesting deconsolidation and a stay, Amazon expressly reserves all objections and defenses to Plaintiff's complaint in this action, including without limitation, any waivable defense available under Rule 12 of the Federal Rules of Civil Procedure.

Counsel for Amazon conferred with counsel for Cerence regarding this Motion, and Cerence does not oppose.

For these reasons, Amazon respectfully requests that this Motion be granted pursuant to 20 U.S.C. § 1659(a) and Fed. R. Civ. P. 42(a), and that this Court sever the Lead and Member Cases and stay the Lead Case as to all Defendants.

Date:  July 1, 2026

Respectfully submitted,

/s/ *Nicholas A. Restauri*
Jason C. White*
Illinois State Bar No. 6238352
jason.white@morganlewis.com
Nicholas. A. Restauri*
Illinois State Bar No. 6309995
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, IL 60606
T. 312.324.1000
F. 312.324.1001

Colin B. Heideman (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1301 Second Avenue, Suite 3000
Seattle, WA  98101
T: 206.274.6400
F: 206.274.6401

Natalie A. Bennett*
Illinois State Bar No. 6304611
natalie.bennett@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, D.C. 20004-2541
T. 202.739.3000
F. 202.739.3001

*Admitted to Practice*

**Counsel for Defendants Amazon.com, Inc., Amazon Services LLC, and Amazon Web Services, Inc.**

## CERTIFICATE OF CONFERENCE

The undersigned counsel hereby certifies that counsel for Defendants met and conferred with counsel for Plaintiffs to discuss the substantive relief sought in this Motion in accordance with Local Rule CV-7(h). Plaintiff does not oppose the relief sought in this Motion.

By:    */s/ Nicholas A. Restauri*
Nicholas A. Restauri

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on  July 1, 2026, a true and correct copy of the foregoing document was served on all counsel of record who have appeared in this case via the Court's CM/ECF system per Local Rule CV-5.

By:    */s/ Nicholas A. Restauri*
Nicholas A. Restauri